# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS E. NOBLE, <br><br> Plaintiff, <br><br> v. <br><br> THE JUDGES OF THIS COURT, THE JUDGES OF THE 3RD CIRCUIT U.S. APPEALS COURT, AND THE U.S. ATTORNEY IN PHILADELPHIA, <br><br> Defendants. | Civil Action No. 18-1855 <br> Judge Nora Barry Fischer |

| | |
|---|---|
| THOMAS E. NOBLE, <br><br> Plaintiff, <br><br> v. <br><br> CHIEF JUDGE D. BROOKS SMITH, CLERK KATE BARKMAN <br><br> Defendants. | Civil Action No. 18-2420 <br> Judge Nora Barry Fischer |

## MEMORANDUM OPINION

I.     INTRODUCTION

These matters are before the Court on two separately filed motions for leave to proceed in forma pauperis by *pro se* prisoner Thomas E. Noble ("Plaintiff"). (*See* Civ. A. No. 18-1855, Docket No. 2; Civ. A. No. 18-2420, Docket No. 2). Plaintiff seeks in forma pauperis status in order to bring two civil rights complaints: the first lawsuit is against the Judges of the U.S. District Court for the Eastern District of Pennsylvania, the Judges of the U.S. Court of Appeals for the Third Circuit, and the U.S. Attorney in Philadelphia, asserting that the Judges handling his cases

1

since the 1980s, among other things, are "traitors," controlled by the "Illuminati" and participants in a vast conspiracy against him; and, the second lawsuit claims that Chief Judge D. Brooks Smith of the U.S. Court of Appeals for the Third Circuit and Clerk of Court Kate Barkman for the U.S. District Court for the Eastern District of Pennsylvania "unethically" colluded with each other and "obstructed justice" by reassigning the first case to the undersigned.[1] (*See* Civ. A. No. 18-1855, Docket No. 1; Civ. A. No. 18-2420, Docket No. 1). After careful consideration of these submissions, and for the following reasons, Plaintiff's Motions are denied as this Court finds that Plaintiff has accumulated "three strikes" making him ineligible for in forma pauperis status pursuant to 28 U.S.C. § 1915(g).

II. BACKGROUND

At the outset, the Court takes judicial notice of the relevant judicial records from the cases involving Plaintiff cited herein. *See Davis v. County of Allegheny, et al.*, Civ. A. No. 18-450, 2018 WL 2122882 (W.D. Pa. Apr. 19, 2018) (citations omitted). Currently, Plaintiff is a pretrial detainee housed in FDC Philadelphia awaiting trial on child pornography offenses against him in the U.S. District Court for the District of Delaware. *See United States v. Noble*, Crim. No. 1:18-cr-00015-LPS, Docket No. 2 (D. Del. Feb. 27, 2018). The grand jury's indictment states that the charges are brought against Thomas E. Noble, also known as "Walter M. Guyer" and "Thomas D. Guyer." (*Id.*). Several Courts have recognized that Plaintiff is a serial pro se litigant who has filed numerous frivolous lawsuits under each of these names in the District Courts throughout this Circuit since at least the 1980s. *See e.g., Noble v. Becker et al.*, Civ. A. No. 03-906, 2004 WL 96744, *1, n.1 (D. Del. Jan. 15, 2004) (Jordan, J.) ("Thomas E. Noble was formerly

---

[1] The Court notes that Orders were entered designating the undersigned Judge to preside over these matters pursuant to 28 U.S.C. § 292(b) which provides that "[t]he chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit."

2

known as Thomas D. Guyer. It appears that Noble legally changed his name from Thomas D. Guyer to Thomas E. Noble on April 22, 2002"); *Noble v. Cooper*, Civ. A. Nos. 07-4528, 09-5857, 2010 WL 3769080, at *2 (E.D. Pa. Sept. 28, 2010) (Cooper, J.) ("Noble […] is a 'habitual litigant' who has brought several actions in the federal district courts under his current name, as well as under the names Thomas D. Guyer and Walter M. Guyer."); *Noble v. Markell*, No. CV 10072-MA, 2015 WL 1035229, at *1 (Del. Ch. Mar. 6, 2015), *adopted*, (Del. Ch. 2015) ("It appears that I was wrong in granting Mr. Noble's application to proceed in forma pauperis because, for nearly three decades, Mr. Noble has filed numerous pro se frivolous civil actions in the federal courts of Pennsylvania and Delaware under his current name and two other names, i.e., Thomas D. Guyer and Walter M. Guyer"); *In re Noble*, 663 F. App'x 188, 189 (3d Cir. 2016) ("Noble is a serial litigator. He has filed over five dozen lawsuits in federal district courts, including over 30 complaints in the United States District Court for the District of Delaware.").

Recently, in the pending criminal case in the U.S. District Court for the District of Delaware, Plaintiff's "Motion to Correct the Record and to Enjoin the Government from Using Any Name for Defendant Besides Thomas E Noble" was denied. *See United States v. Noble*, Crim. No. 1:18-cr-00015-LPS, 2018 WL 2932422, at *3 (D. Del. May 17, 2018) (Stark, C.J.). In the underlying motion, Plaintiff wrote the following:

1. Many times I have made it clear to this Court that my name was legally changed by the state court to Thomas E Noble, in or about 2002. And since that time I have used that name solely. No former name or aliases.

2. But not only has this Court persisted in adding a period to my middle initial, despite having none [like Harry S. Truman and others], but also the Government has been falsely captioning all its documents adding "A.K.A." aliases / names used formerly, even though I have used no other names but Thomas E Noble for

3

well over fifteen years.

*Id.* at Docket No. 53 (filed 5/31/18) (emphasis in original). Hence, the Court also finds that Plaintiff has used the names Walter Guyer and Thomas Guyer in his past cases. *See e.g., Thompson v. Todd*, 2012 WL 6642804, at *1, n.1 (W.D. Pa. Nov. 19, 2012) (taking judicial notice of prior cases involving the pro se prisoner under different names for purposes of "three strikes" rule under 28 U.S.C. § 1915(g)).

Plaintiff's numerous frivolous lawsuits have led to both the U.S. District Court for the Eastern District of Pennsylvania and the U.S. District Court for the District of Delaware to enter injunctions barring him from filing cases in forma pauperis. *See In re Walter M. Guyer*, No. 90–0679–JMK, 1990 WL 162131 (E.D.Pa. Oct.19, 1990) (injunction prohibiting plaintiff from filing additional civil rights complaints in the Eastern District of Pennsylvania); *Noble v. Becker*, 2004 WL 96744 (D. Del. Jan. 15, 2004); *In re Noble*, 663 F. App'x at 189 ("In 2004, Judge Jordan entered an order barring Noble from filing pro se any civil rights complaints in the District Court without that court's prior approval"). The filing injunction in Delaware continues to be enforced, with the Court denying Plaintiff leave to file proposed complaints which have been deemed time-barred, frivolous and/or barred by judicial immunity. *See e.g., In re Noble*, Misc. No. 18-175-LPS, 2018 WL 273945 (D. Del. Jun. 11, 2018). The Superior Court of Delaware has also recently issued an injunction barring Plaintiff from filing future claims without leave of court when proceeding in forma pauperis. *See Noble v. QBE Ins. Co., et al.*, 2018 WL 3689678, at *2 (Del. Sup. Ct. Jul. 30, 2018).

In addition, the Delaware Chancery Court adopted a master's recommendation that Plaintiff's in forma pauperis status be revoked based upon his accruing of "three strikes" under

Delaware's version of the three strikes rule applicable to prisoners. *Noble v. Markell*, No. CV 10072-MA, 2015 WL 1035229, at *1 (Del. Ch. Mar. 6, 2015), *adopted*, (Del. Ch. 2015). As far as this Court can tell, apparently due to the injunction in Delaware, where Plaintiff has made most of his recent filings and the fact that he engaged in many of his frivolous filings at times when he was not incarcerated, the federal courts analyzing his complaints have not considered whether the federal three strikes rule should be applied to deny his in forma pauperis status. This Court now does so, after turning initially to the prevailing legal standards.

III. LEGAL STANDARDS

It is well established that it is the burden of the movant to demonstrate an entitlement to in forma pauperis status. *See Davis v. Wetzel*, Civ. A. No. 1:18-804, 2018 WL 2978025, at *3 (M.D. Pa. Jun. 13, 2018). The Prison Litigation Reform Act, ("PLRA"), 28 U.S.C. § 1915A, requires the Court to screen prisoner applications for in forma pauperis status in order to ensure that "inmates who have abused this privilege in the past are not permitted to persist in further in forma pauperis litigation." *Pew v. Simmons*, No. CV 16 - 60E, 2016 WL 2958765, at *2 (W.D. Pa. Apr. 21, 2016), *report and recommendation adopted*, No. 1:16CV60, 2016 WL 2977302 (W.D. Pa. May 20, 2016). Relevant here, 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Hence, this Court must dismiss a case if the plaintiff seeking in forma pauperis status: was a prisoner at the time of the instant application; and previously brought three or more prior cases

while incarcerated which were dismissed and constitute strikes under § 1915(g). *Id.* In *Byrd v. Shannon*, the Court of Appeals held that:

> a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim" or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

715 F.3d 117, 126 (3d Cir. 2013). Moreover, lawsuits dismissed as frivolous prior to the enactment of the PLRA count as "strikes" under § 1915(g). *See Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143, 144 (3d Cir. 1997).

IV. DISCUSSION

Applying these standards to the instant matters, this Court finds that Plaintiff has certainly accrued more than "three strikes" such that his motions seeking in forma pauperis status must be denied pursuant to § 1915(g). Helpfully, the Delaware Chancery Court has listed a number of prior cases dismissed as frivolous at times when Plaintiff was in custody during the 1980's and 1990's, *Noble v. Markell*, No. CV 10072-MA, 2015 WL 1035229, at *1 (Del. Ch. Mar. 6, 2015), *adopted*, (Del. Ch. 2015), which this Court has independently reviewed and determined qualify as "strikes" under § 1915(g):

- *Guyer v. Kelly*, 1990 WL 158194, at *2 (E.D.Pa. Oct. 15, 1990) (granting leave to proceed in forma pauperis and dismissing case as frivolous under former § 1915(d));

- *Guyer v. Sisk*, 1990 WL 158209 (E.D.Pa. Oct. 15, 1990) (granting leave to proceed in forma pauperis and dismissing case as frivolous under former § 1915(d));

- *Guyer v. Hoagland*, 1990 WL 139388 (E.D.Pa. Sept. 20, 1990) (granting leave to proceed in forma pauperis and dismissing case as

6

- frivolous under former § 1915(d));

- *Guyer v. Ferguson*, 1990 WL 139387 (E.D.Pa. Sept. 20, 1990) (granting leave to proceed in forma pauperis and dismissing case as frivolous under former § 1915(d));

- *Guyer v. Sugerman*, 1990 WL 135716 (E.D.Pa. Sept. 11, 1990) (granting leave to proceed in forma pauperis and dismissing case as frivolous under former § 1915(d));

- *Guyer v. Seitz, et al.*, 1987 WL 17747 (E.D.Pa. Sept. 28, 1987) (granting leave to proceed in forma pauperis and dismissing case as frivolous under former § 1915(d));

- *Guyer v. Zimmerman*, 1986 WL 13638 (E.D.Pa. Nov. 26, 1986) (granting leave to proceed in forma pauperis and dismissing case as frivolous under former § 1915(d));

- *Guyer v. Frame*, 1986 WL 7195 (E.D. Pa. June 19, 1986) (granting leave to proceed in forma pauperis and dismissing case as frivolous under former § 1915(d)).

After the injunction was issued by the U.S. District Court for the Eastern District of Pennsylvania, Plaintiff was denied leave to file a proposed complaint, which was also "dismissed as frivolous." *In re Guyer*, 1996 WL 689376 (E.D. Pa. Nov. 27, 1996).

As the Court has commented above, it appears that Plaintiff was <u>not</u> in custody at the time that Judge Jordan issued the injunction in the U.S. District Court for the District of Delaware in 2004 such that his numerous frivolous filings leading to that injunction do not constitute "strikes" under § 1915(g). *See e.g., Noble v. Becker*, 2004 WL 96744. However, Judge Jordan noted Plaintiff's name change and relied upon frivolous filings he made under his prior names/aliases when issuing the injunction. *Id*. Plaintiff also appears to have <u>not</u> been in custody when he started filing more frivolous lawsuits in the U.S. District Court for the Eastern District of Pennsylvania in 2009 and 2010. *See e.g., Noble v. Cooper*, 2010 WL 3769080 (E.D. Pa. Sept. 28,

7

2010).

Based on judicial decisions analyzing habeas petitions and other lawsuits Plaintiff subsequently filed, he was later charged with violating child pornography laws in the State of Delaware and was detained starting in 2013 or 2014 and was released near the end of 2016 after pleading guilty and serving his sentence. *See Noble v. Pierce*, Civ. No. 16-43-SLR, 2016 WL 7508841 (D. Del. Mar. 15, 2016); *Noble v. Delaware*, 2017 WL 5163355, at *1 (D. Del. Nov. 7, 2017) ("Here, Plaintiff alleges that Defendants, most of whom are State actors, violated his constitutional rights when he was wrongfully imprisoned from November 21, 2013 until April 13, 2016, on allegedly false charges of dealing in child pornography."). Throughout this time period, Plaintiff sought leave to file numerous proposed complaints in the U.S. District Court for the District of Delaware but his motions were denied because the allegations he made were frivolous.[2] *See In re Noble*, Misc. No. 16-177, 2016 WL 3566983, at *2 (D. Del. Jun. 29, 2016) ("The allegations are frivolous given the Clerk of Court's immunity from suit and no amendment could cure these non-cognizable claims."); *In re Noble*, Misc. No. 16-188, 2016 WL 3693742, at *2-3 ("The proposed complaint raises claims that are legally frivolous.").

Plaintiff was then returned to state custody in Delaware around October of 2017, again on state child pornography charges. *Noble v. Delaware*, 2017 WL 5163355, at *5 (D. Del. Nov. 7, 2017). He was next indicted federally and transferred to FDC Philadelphia, where he is currently

---

[2] The Court notes that although these actions do not constitute "strikes," Plaintiff paid the filing fee and attempted to sue Judge Jordan in the Eastern District in 2016, and tried to consolidate that action with another Delaware case before the Judicial Panel on Multidistrict Litigation, which was denied. *In re Thomas E. Noble Litigation*, 223 F. Supp. 3d 1332 (Dec. 7, 2016). He also attempted to file numerous petitions for writs of mandamus to challenge the injunction, all of which were denied. *See e.g., Noble v. Becker*, 2017 WL 1821116 (D. Del. May 5, 2017) (discussing plaintiff's various attempts at mandamus relief). While he was out of custody, he was denied leave to proceed in forma pauperis based on his financial ability to pay in other cases. *See e.g., Noble v. Delaware*, Civ. A. No. 17-353, 2017 WL 1649764 (D. Del. Apr. 28, 2017). In that case, the Court granted a motion to dismiss for failure to state a claim filed by Defendants for a number of reasons and dismissed remaining claims as "completely devoid of merit." *Noble v. Delaware*, 2017 WL 5163355, at *5 (D. Del. Nov. 7, 2017).

housed and from which he filed the pending motions before this Court on May 2, 2018 and June 4, 2018. During his most recent period of incarceration, Plaintiff has once again sought leave to file additional complaints in the U.S. District Court for the District of Delaware and such motions have also been denied, again due to the frivolity of the filings. *See e.g., In re Noble*, MC No. 17-358, Docket No. 6 (D. Del. Jan. 9, 2018), *reconsideration denied*, 2018 WL 2012901 (D. Del. Apr. 30, 2018); *In re Noble*, No. MC 18-111-RGA, 2018 WL 2012903, at *2 (D. Del. Apr. 30, 2018) ("The proposed complaint raises claims that are legally frivolous and permitting a curative amendment would be futile."); *In re Noble*, No. MC 18-147-GMS, 2018 WL 2214657, at *2 (D. Del. May 14, 2018) ("The proposed claim[s] are frivolous."); *In re Noble*, MC No. 18-175-LPS, 2018 WL 2793945 (D. Del. Jun. 11, 2018) ("In reviewing the allegations, the Court finds that the proposed complaint raises claims that are time-barred, frivolous, or are raised against Respondents who have absolute judicial immunity. No curative amendment is possible.").

Based on this record, it is this Court's opinion that Plaintiff has clearly accrued in excess of "three strikes," making him ineligible to proceed in forma pauperis, absent a showing of imminent danger of serious physical injury. *See Abdul-Abkar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001). He has made no such showing in these cases as his initial complaint at Civ. A. No. 18-1855 raises broad conspiracy claims against Judges who have entered unfavorable rulings in his cases and his later complaint at Civ. A. No. 18-2420 challenges the decisions of Chief Judge Smith and Ms. Barkman to assign the case to the undersigned Judge.

> As the Honorable Kent A. Jordan, then a Judge in the United States District Court for the District of Delaware, wrote [in 2004]: "When reviewing Noble's complaint history, a pattern becomes clear. After the dismissal of his claims, rather than file an appeal as required by the Federal Rules of Civil and Appellate Procedure, Noble simply files new lawsuits and demands further review."

*In re Noble*, 663 F. App'x 188, 189 (3d Cir. 2016) (quoting *Noble v. Becker*, No. Civ. A. 03–906, 2004 WL 96744, at *1 & nn.4–5 (D. Del. Jan. 15, 2004)). The same is true here as Plaintiff makes the same types of frivolous allegations that he has raised, repeatedly, throughout his long history of making frivolous filings in federal district courts, including his recent proposed complaints which he was denied leave to file in the U.S. District Court for the District of Delaware. *See e.g., In re Noble*, 2018 WL 2793945, at *2 ("The petition alleges a conspiracy of traitors who are puppets of the Illuminati and who have been serially working in a common scheme conspiracy to unconstitutionally deprive Movant of his rights. The petition alleges this has occurred by obstructing Movant's right to impartial court relief for well over three decades since 1982. The petition provides a chronology of events beginning in late 1981 and continuing through 2018."). Enough is enough.

V. CONCLUSION

Based on the foregoing, Plaintiff's motions for leave to file in forma paueris are denied because he is a prisoner who has accrued "three strikes" and has serially abused the privilege of in forma pauperis status. Plaintiff will be directed to pay the filing fee in each of these cases within 30 days or they will be dismissed. Plaintiff's corresponding motions filed in those cases are also denied as they were prematurely filed. Appropriate Orders follow.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: August 28, 2018

cc: Thomas E Noble
   #02218-015
   FDC Philadelphia
   P.O. Box 562
   Philadelphia, PA 19105
   (via first class mail)